946 F.2d 1566
 292 U.S.App.D.C. 86
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Cleveland B. SPARROW, Sr., et al., Appellants,
v.
Charles JONES, et al.
 No. 90-7133.
 United States Court of Appeals, District of Columbia Circuit.
 June 28, 1991.
 
 Before HARRY T. Edwards, Buckley and STEPHEN F. Williams, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for declaratory judgment and opposition thereto; the motion to vacate district court order and remand to Superior Court and the opposition thereto; the motion to dismiss and opposition thereto; the motion for leave to exceed page limits, the opposition thereto and response; the motions for sanctions; the emergency motion to honor the stay of the District of Columbia Court of Appeals and consolidate three cases, the opposition thereto and reply; and the motion to approve supersedeas bond and for stay of execution and the opposition thereto, it is
 
 
 2
 ORDERED that the motion to exceed page limits be dismissed as moot. The papers submitted are within the page allowances. The Clerk is directed to file the lodged documents. It is
 
 
 3
 FURTHER ORDERED that appellants' motions be denied for the reasons set forth in the attached memorandum. It is
 
 
 4
 FURTHER ORDERED, on the court's own motion, that the district court's orders filed July 22, 1990, and December 17, 1990, be affirmed and that the case be remanded to the district court to enforce its orders as necessary and to consider sanctions as may be appropriate.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 6
 The district court was clearly correct in finding that the Sparrows owe a significant amount of money to the Joneses for unpaid rent and that eviction was warranted. Moreover, because the Bankruptcy Court specifically modified the automatic stay to allow this action to proceed, the automatic stay is not in effect with respect to this case.